**FILED**
CLERK, U.S. DISTRICT COURT
3/9/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DTA _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

April 2021 Grand Jury

| UNITED STATES OF AMERICA, | No. 5:22-cr-00070-SVW |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| v. | [18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1957: Laundering Monetary Instruments; 18 U.S.C. §§ 981 and 982 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| NASHAYE LEWIS, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 1343, 2(a)]

A.  THE SCHEME TO DEFRAUD

1.  Beginning on an unknown date, but no later than in or around December 2018, and continuing through at least in or around January 2019, in Riverside County, within the Central District of California, and elsewhere, defendant NASHAYE LEWIS, together with others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly and with the intent to defraud, devised,

participated in, and executed a scheme to defraud victim companies as to material matters, and to obtain money and property from the victim companies, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

2. The scheme to defraud operated, in substance, as follows:

    a. Defendant LEWIS would open and control a Wells Fargo Bank business account ("the WFB Account"), which would be nominally held by a fictitious company.

    b. Defendant LEWIS' co-schemers would send emails to representative of the victim companies that falsely appeared to have been sent from the victim companies' client businesses, fraudulently directing the victim companies to wire transfer funds into the WFB Account.

    c. As a result of defendant LEWIS' and her co-schemers' scheme, the victim companies transferred funds into the WFB Account that defendant LEWIS had opened.

    d. Through the scheme, defendant LEWIS fraudulently obtained a total of at least $500,000 of the victim companies' monies, to which defendant LEWIS knew she was not entitled.

B.   <u>USE OF INTERSTATE WIRES</u>

3. On or about December 24, 2018, in Riverside County, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant LEWIS caused the transmission, by means of wire communications in interstate and foreign commerce, of $350,000.00 from Victim Company 1 in Mexico to the WFB Account, in the Central District of California.

COUNT TWO

[18 U.S.C. § 1957, 2(b)]

On or about December 26, 2019, in Los Angeles County, within the Central District of California, defendant NASHAYE LEWIS knowingly engaged in a monetary transaction of a value greater than $10,000, involving funds she knew to be criminally derived property, which property, in fact, was derived from specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count One of this Indictment, specifically, defendant LEWIS purchased cashier's check no. xxxxxx2029 in the amount of $100,000 from the WFB Account and willfully caused a co-schemer to deposit cashier's check no. xxxxxx2029 into a fraudulent bank account controlled by LEWIS.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of the defendant's conviction of the offense set forth in Count Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.  Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in

committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

A TRUE BILL

/s/

Foreperson

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

BRADLEY E. MARRETT
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

ANDREW BESHAI
Assistant United States Attorney
Santa Ana Branch Office